# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2015

Lyle W. Cayce
Clerk

No. 14-50815
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RANGEL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-33-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Jose Rangel was found guilty of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In this appeal, he challenges the sufficiency of the evidence that he knew the materials in his possession contained child pornography, as well as the district court's exclusion of testimony relating to his prior traumatic brain injury, which he contends affected his ability to appreciate the illegal nature of the pornography he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possessed. He further challenges the sufficiency of the evidence of the required interstate commerce nexus, which consisted of a stipulation that the storage devices on which the child pornography was located had been manufactured in and shipped from Asia. He correctly concedes, however, that this challenge is foreclosed by our decision in *United States v. Dickson*, 632 F.3d 186, 190 (5th Cir. 2011).

Our review of the record satisfies us that the evidence supports Rangel's conviction. Federal agents downloaded four videos containing child pornography from Rangel's internet protocol address through a file-sharing program that was last accessed on his computer the same month. Pursuant to a search warrant, at least six child pornography videos were located on the external hard drive of the computer in Rangel's bedroom. Rangel lived alone and told investigators that his son was the only other occasional user of his computer. Expert testimony was offered that the manner in which Rangel organized the child pornography videos in multiple layers of subfolders was typical of someone who was aware of their illegal nature and sought to hide them from public view. Moreover, anyone accessing those subfolders would have readily seen the names of the videos, which clearly indicated child pornography. Viewing this evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Rangel knowingly possessed child pornography. *See United States v. Ragsdale*, 426 F.3d 765, 770-71 (5th Cir. 2005).

Rangel asserts that the evidence lends itself to an equally reasonable construction that he did not know the videos on his external hard drive contained child pornography. However, this court, "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any

such conflicts in favor of the prosecution, and must defer to that resolution." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 135 S. Ct. 170 (2014). Accordingly, the fact that the jury could reasonably have construed the evidence so as to find Rangel not guilty does not per se render its decision to convict him based on that same evidence irrational.  *See United States v. Burton*, 126 F.3d 666, 677 (5th Cir. 1997); *United States v. Montes*, 602 F.3d 381, 388 (5th Cir. 2010).

We next address Rangel's contention that the district court improperly excluded relevant testimony by him and his sister showing that, as a result of a previous severe head injury, he had a diminished ability to perceive that the titles of some of the videos he possessed were indicative of child pornography. We review a district court's ruling excluding evidence for abuse of discretion. *United States v. Arledge*, 553 F.3d 881, 892 (5th Cir. 2008).  Relevant evidence is generally admissible at trial.  FED. R. EVID. 402.  Irrelevant evidence is inadmissible.  *Id*.  Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  FED. R. EVID. 401.

After the close of evidence in the district court, defense counsel made a proffer of the anticipated testimony by Rangel and his sister, and our review of the district court's evidentiary ruling is limited to the substance of that proffer. *See United States v. Wade*, 356 F. App'x 704, 710 n.4 (5th Cir. 2009). The extent of the proffered testimony is that Rangel suffered a severe head injury in a 2010 motorcycle accident, from which he spent approximately four months recovering, including 22 days in a coma, two months in a hospital, and six additional weeks relearning basic life functions.  Rangel has made no showing that the proffered testimony would have aided the jury in resolving

whether, due to his brain injury, Rangel was able at the relevant time to recognize the titles of certain videos as indicative of child pornography. Therefore, we conclude that the district court did not abuse its discretion in excluding the complained-of testimony. *See Arledge*, 553 F.3d at 892.

For the foregoing reasons, the judgment of the district court is AFFIRMED.